ANDREW P. BRIDGES (CSB No. 122761)
abridges@fenwick.com
JEDEDIAH WAKEFIELD (CSB No. 178058)
jwakefield@fenwick.com
SEBASTIAN E. KAPLAN (CSB No. 248206)
skaplan@fenwick.com
FENWICK & WEST LLP
555 California Street, 12th Floor
San Francisco, CA 94104
Telephone:     415.875.2300
Facsimile:     415.281.1350

DAVID H. BERNSTEIN (*pro hac vice to be submitted*)
dhbernstein@debevoise.com
SHANNON ROSE SELDEN (*pro hac vice to be submitted*)
srselden@debevoise.com
MEGAN K. BANNIGAN (*pro hac vice to be submitted*)
mkbannigan@debevoise.com
DEBEVOISE & PLIMPTON LLP
919 Third Avenue
New York, NY 10022
Telephone: 212.909.6696
Facsimile: 212.521.7696

JOHN MURPHY (*pro hac vice to be submitted*)
jmurphy@aml.com.mx
AROCHI, MARROQUIN & LINDER, S.C.
Insurgentes Sur 1605-Piso 20
03900 Col. San Jose Insurgentes
Mexico
Telephone: 52 55 5095 2050

Attorneys for Plaintiffs
ALEN USA, LLC and INDUSTRIAS
ALEN S.A. DE C.V.

FENWICK & WEST LLP
ATTORNEYS AT LAW
SAN FRANCISCO

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| ALEN USA, LLC, and<br>INDUSTRIAS ALEN, S.A. de C.V.,<br><br>       Plaintiffs,<br><br>     v.<br><br>THE CLOROX COMPANY,<br><br>       Defendant. | Case No.: _____<br><br>**COMPLAINT FOR BREACH OF<br>CONTRACT AND DECLARATORY<br>RELIEF**<br><br>**JURY TRIAL DEMANDED** |

Plaintiffs AlEn USA, LLC ("AlEn USA") and Industrias AlEn, S.A. de C.V. ("Industrias AlEn") (collectively "AlEn" or "Plaintiffs"), for their Complaint for Breach of Contract and Declaratory Relief against Defendant The Clorox Company ("Clorox"), state as follows:

**INTRODUCTION**

1.      Plaintiff Industrias AlEn is the leading producer and distributor of home cleaning and home care products in Mexico.  Founded in Mexico in 1949, Industrias AlEn has distributed CLORALEX-branded products in Mexico for over sixty years and in the United States for over thirty years.  Industrias AlEn obtained its first United States federal trademark registration for its CLORALEX mark in 1993, with no objection from Clorox.

2.      Industrias AlEn and Clorox entered into a coexistence agreement in 1995 (the "Agreement"), explicitly agreeing that the CLORALEX and CLOROX marks could coexist in the United States markets.  In the Agreement, Clorox agreed to "refrain from" attacking the use or registration of the marks as long as AlEn did not use any "diamond or lozenge device or any other design similar thereto" or use "any red and blue trade dress…other than the colors" shown in an Exhibit to the Agreement.  **Exhibit A** is a photocopy of the Agreement.  AlEn has consistently performed its obligations under the Agreement.

3.      For nearly two decades after the Agreement, CLOROX and CLORALEX products coexisted peacefully in the U.S. marketplace.  During that time, AlEn has continued to invest in and grow the goodwill associated with its CLORALEX brand, offering a variety of CLORALEX cleaning and laundry products.  It also built up brand loyalty among Hispanic-American consumers who buy the CLORALEX products in the United States.

4.      Beginning in 2005, AlEn introduced a color-safe bleach product called CLORALEX COLOR, which was sold in a blue bottle with the mark CLORALEX in red lettering.  The red and blue colors used on the packaging were sufficiently close to the reds and blues identified in the Agreement to be permissible, and their use did not violate the Agreement's limitations on trade dress.  At no time between the introduction of CLORALEX COLOR in 2005 and April 2013 did Clorox express any concern or objection concerning the CLORALEX COLOR packaging.

FENWICK & WEST LLP
ATTORNEYS AT LAW
SAN FRANCISCO

FENWICK & WEST LLP
ATTORNEYS AT LAW
SAN FRANCISCO

5.      Apparently unhappy with the Agreement it entered into nearly twenty years ago, Clorox now contends that it is free of any obligations under the Coexistence Agreement, based on a belated allegation that the packaging for CLORALEX COLOR included the wrong shades of red and blue.  Clorox has now filed three separate actions challenging Industrias AlEn's use of the CLORALEX mark.  *First*, Clorox filed a lawsuit in this District for breach of contract, trademark infringement and dilution, and it threatened to seek a preliminary injunction (the "District Court Action").[1]  Although AlEn vigorously denied having breached the agreement, AlEn had already been considering a plan to change the color of the bottle, which it promptly implemented.  After AlEn pointed out to Clorox that it had cured any alleged "breach" of the Agreement by changing the colors for CLORALEX COLOR, Clorox dismissed the District Court Action.  *Second,* while the District Court Action was briefly pending, Clorox began opposition proceedings against two of AlEn's applications to register additional CLORALEX trademarks at the United States Patent and Trademark Office (the "PTO Actions").[2]  *Third*, Clorox launched an action before the International Trade Commission in which it sought to prohibit AlEn from importing *any* CLORALEX-branded products into the United States (the "ITC Action").[3]

6.      Clorox's pursuit of the District Court, PTO and ITC Actions constitutes a breach of the Agreement.  Clorox's continued prosecution of the PTO and ITC Actions has caused, and will continue to cause, substantial financial and business harm, with likely irreparable damage, to AlEn, as well as depriving it of the basic benefit of its bargain in the Agreement—freedom from challenges to its well-established CLORALEX mark.

## **THE PARTIES**

7.      Plaintiff Industrias AlEn is a Mexico corporation with its headquarters at Blvd, Díaz Ordaz No. 1000, Col. Los Treviño, Santa Catarina, N.L. 66150 México.

8.      Plaintiff AlEn USA is as an indirect wholly owned subsidiary of Industrias AlEn. AlEn USA distributes cleaning and home care products in the United States, including

---

[1] *The Clorox Company v. Industrias AlEn de C.V. and AlEn USA, L.P.*, Case No. 13-1536-JST.
[2] Trademark Trial and Appeal Board Opposition Nos. 91210450 and 91211831.
[3] International Trade Commission Investigation Number 337-TA-891.

COMPLAINT FOR BREACH OF CONTRACT
AND DECLARATORY RELIEF

2

Case No.: _____

1   CLORALEX-branded products.  It is a Texas limited liability company with a principal place of

2   business at 14825 Northwest Fwy #500, Houston, TX 77040.

3          9.      Defendant Clorox is a Delaware corporation with its headquarters at 1221

4   Broadway, Oakland, California 94612.

5                            **JURISDICTION AND VENUE**

6          10.     Jurisdiction is proper for AlEn's breach of contract claim pursuant to 28 U.S.C.

7   §§ 1332 and 1367.  There is diversity of citizenship among the parties, and the amount in

8   controversy exceeds the sum or value of $75,000.

9          11.     This action also arises, in part, under the Declaratory Judgment Act, 28 U.S.C.

10  §§ 2201 and 2202.  An actual, substantial, and continuing justiciable controversy exists between

11  AlEn and Clorox regarding Clorox's allegations that it is free from any obligation under the

12  Agreement, and Clorox's allegations of infringement and dilution of the CLOROX mark by

13  CLORALEX-branded products.

14         12.     Jurisdiction is proper for AlEn's declaratory judgment claim pursuant to 28 U.S.C.

15  § 1331 and 15 U.S.C. § 1121 because this action arises under the laws of the United States,

16  specifically the Lanham Act.

17         13.     This Court has personal jurisdiction over Clorox by virtue of, among other things,

18  Clorox's residence within this District and sale of products in this District.

19         14.     Venue is proper in this district pursuant to 28 U.S.C. § 1391.

20                          **INTRADISTRICT ASSIGNMENT**

21         15.     Pursuant to Civil L.R. 3-2(c), divisional assignment is unnecessary because this

22  case is an intellectual property action.

23              **ALEN'S LONGSTANDING USE OF THE CLORALEX**
                **BRAND IN THE UNITED STATES AND MEXICO**
24

25         16.     Industrias AlEn created the CLORALEX brand in 1949—the same year the

26  company was formed.  Its name is derived from the Spanish word "cloro," meaning chlorine, a

27  primary ingredient in CLORALEX bleach, and includes the –EX suffix, representing "M**ex**ico."

28  CLORALEX is the leading bleach product in Mexico and is well known among Mexican-

FENWICK & WEST LLP
ATTORNEYS AT LAW
SAN FRANCISCO

American and other Latino consumers in the United States.  As Clorox's Chief Executive Officer stated in an interview with the Wall Street Journal discussing Hispanic consumers, "brand equities travel with consumers as they migrate north." http://online.wsj.com/article/SB10001424052702304458604577490761756157228.html (at 1:45). CLORALEX is one such brand.

17.    Industrias AlEn's earliest Mexican Trademark registrations for CLORALEX date back to 1950.  **Exhibit B** (Mexican Trademark Registration Certificate for CLORALEX).

18.    After decades of successful distribution in Mexico, AlEn decided to bring its CLORALEX product to the United States in the late 1970s.

19.    AlEn has sold CLORALEX-branded products in the United States since the late 1970s or early 1980s.

20.    In addition to AlEn's common law rights in the CLORALEX mark based on this longstanding use in the United States, Industrias AlEn owns numerous United States Trademark Registrations for the CLORALEX mark.  The oldest such registration issued in 1993 (Registration No. 1809859) for the CLORALEX mark for liquid all purpose cleaner.  This registration is incontestable.  *See* **Exhibit C**.  AlEn now owns 17 United States Trademark Registrations for various CLORALEX trademarks.

## ALEN AND CLOROX'S CO-EXISTENCE AGREEMENT FOR CLORALEX

21.    For over thirty years, AlEn's CLORALEX products and Clorox's CLOROX products coexisted in the United States market.

22.    In 1995, Clorox and Industrias AlEn entered into a coexistence agreement for the CLORALEX and CLOROX products.  *See* Exhibit A (the Agreement).  The Agreement recognized that both parties desired to avoid any likelihood of confusion, mistake, or deception among purchasers with respect to the parties' respective marks.

23.    In the Agreement, the parties agreed to certain limitations on AlEn's marks and "trade dress" on its label.  It further states that the "parties are mutually desirous of avoiding any likelihood of confusion, mistake or deception of purchases with respect to their respective

FENWICK & WEST LLP
ATTORNEYS AT LAW
SAN FRANCISCO

trademarks and trade dress when used on their products," and notes that the parties have "therefore" agreed to certain operative provisions.

24.     Paragraph 1 of that Agreement states that "ALEN shall not use or register any mark in the U.S. for bleach, cleaners, or other household laundry or cleaning products that is any more similar to CLOROX than CLORALEX."

25.     Paragraph 2 provides that "ALEN shall not use[] its trademark CLORALEX on any household cleaning or laundry product with any diamond or lozenge device or any other design similar thereto, or use any red and blue trade dress in connection with such products, other than the colors shown on Exhibit 2."

26.     In Paragraph 3 of the Agreement, Clorox agreed "to refrain from an attack on the use or registration of the marks CLORALEX or CLORALEN for laundry or cleaning products and for liquid bleach products in the U.S. provided, and only as long as, ALEN complies with the requirements of paragraphs one and two above."

27.     Since then, other products have been introduced into the United States market which also use CLOR- as a prefix for chlorine bleach and other chlorine products, including CLORTEX and CLORO 10. As with AlEn's CLORALEN products, CLOROX bleach also peacefully coexists with those products on the market.

| | |
|---|---|
| Clortex |  |

FENWICK & WEST LLP
ATTORNEYS AT LAW
SAN FRANCISCO

FENWICK & WEST LLP
ATTORNEYS AT LAW
SAN FRANCISCO

| | |
|---|---|
| Cloro 10 |  |
| Comet with Chlorinol |  |
| GreenChlor<br><br>(USPTO application bending) | GreenChlor |
| Auto-Chlor | *auto-Chlor* SYSTEM |

| | |
|---|---|
| Chlor-free |  |
| Endurochlor |  |
| Chlorhexafresh |  |

FENWICK & WEST LLP
ATTORNEYS AT LAW
SAN FRANCISCO

| | |
|---|---|
| Cloroben |  |
| Circhlor |  |
| Chlorlite |  |
| Klorane |  |

FENWICK & WEST LLP
ATTORNEYS AT LAW
SAN FRANCISCO

COMPLAINT FOR BREACH OF CONTRACT
AND DECLARATORY RELIEF

8

Case No.: _____

FENWICK & WEST LLP
ATTORNEYS AT LAW
SAN FRANCISCO



28.     Clorox now asserts that AlEn's introduction of its CLORALEX COLOR laundry product back in 2005 breached the Agreement, because it used packaging colors that were not permitted by Paragraph 2 of the Agreement.  AlEn denies any such breach.

### ALEN'S INTRODUCTION OF CLORALEX COLOR

29.     In 2005, AlEn introduced its CLORALEX COLOR laundry product in the United States.

30.     Until 2013, AlEn sold that product in a dark blue bottle.  A representative image is below.



31. The use of intense blue packaging is a common feature among color-safe bleach and stain fighting products in the marketplace. Ultra Purex 2 stain fighter, Ultra Purex color-safe bleach, Purex color-safe bleach, Wal-Mart's Great Value color safe bleach, Walgreens' Advance color safe bleach, Lever Color Safe bleach, OxyClean 2 in 1 Stain Fighter, Biz Stain Fighter, Shout stain fighter, and Borateem color safe bleach are examples of competitors using intense blue packaging for color-safe bleach and stain fighters.

| | |
|---|---|
| Ultra Purex 2 Stain Fighter and Bright Booster |  |

| | |
|---|---|
| Ultra Purex Color Safe Bleach |  |
| Purex with Color Safe Bleach |  |
| Walgreens Advance |  |

FENWICK & WEST LLP
ATTORNEYS AT LAW
SAN FRANCISCO

| | |
|---|---|
| Wal-Mart's Great Value |  |
| Biz Stain Fighter |  |
| OxiClean Stain Fighter |  |

FENWICK & WEST LLP
ATTORNEYS AT LAW
SAN FRANCISCO

FENWICK & WEST LLP
ATTORNEYS AT LAW
SAN FRANCISCO

| | |
|---|---|
| Shout Advanced Stain Lifter |  |
| Borateem Color Safe Bleach |  |
| Lever Color Safe Bleach |  |

32.     Plaintiffs believe, and therefore allege, that Clorox was aware of the existence of the Cloralex Color product and its packaging beginning with its U.S. introduction in 2005.

33.     Clorox had the means to monitor AlEn's products, including Cloralex Color, and the incentive to do so, since it is a competitor in the market for color safe bleaches and other household cleaning products.

34.     Clorox is a central and active player in the household cleaning product industry. In the ITC proceeding, Clorox alleges that as of 2005 it "maintained a 67% share of the market for liquid bleach in the stores that it tracked in the United States" and that "CLOROX liquid bleach still continues by far and away to be the category leader."

Fenwick & West LLP
Attorneys at Law
San Francisco

35.     Plaintiffs believe, and therefore allege, that Clorox representatives regularly visited retail stores where Cloralex products, including Cloralex Color, were sold, and Clorox even participated with certain retailers in choosing the selection and arrangement of third party products on retail shelves.

36.     Plaintiffs believe, and therefore allege, that Clorox had access to and regularly received reports of third party product sales in the household cleaning product industry, including information about the sales of Cloralex products.

37.     Cloralex Color was openly sold in the U.S., including but not limited to in Texas and in California where Clorox is based and where Clorox sells similar products.

38.     Clorox has a history of policing its CLOROX trademarks and a pattern of asserting claims against competitors' putatively infringing marks.  It has filed at least ten actions before the TTAB alone asserting claims involving its CLOROX mark, seven of which were filed between 2005 and 2013.

39.     Since 2006, Cloralex Color has appeared on AlEn's websites—along with color images of its packaging.

40.     Clorox representatives viewed AlEn's website between 2006 and 2013.

41.     Plaintiffs believe, and therefore allege, that at least one representative from Clorox viewed AlEn's website in 2006.

42.     Plaintiffs believe, and therefore allege, that, at least one representative from Clorox viewed images of the packaging for Cloralex Color in 2006.

43.     Plaintiffs believe, and therefore allege, that at least one representative from Clorox viewed AlEn's website in 2007.

44.     Plaintiffs believe, and therefore allege, that at least one representative from Clorox viewed images of the packaging for Cloralex Color in 2007.

45.     Plaintiffs believe, and therefore allege, that at least one representative from Clorox viewed AlEn's website in 2008.

46.     Plaintiffs believe, and therefore allege, that at least one representative from Clorox viewed images of the packaging for Cloralex Color in 2008.

47.     Plaintiffs believe, and therefore allege, that at least one representative from Clorox viewed AlEn's website in 2009.

48.     Plaintiffs believe, and therefore allege, that at least one representative from Clorox viewed images of the packaging for Cloralex Color in 2009.

49.     Plaintiffs believe, and therefore allege, that at least one representative from Clorox viewed AlEn's website in 2010.

50.     Plaintiffs believe, and therefore allege, that at least one representative from Clorox viewed images of the packaging for Cloralex Color in 2010.

51.     Plaintiffs believe, and therefore allege, that at least one representative from Clorox viewed AlEn's website in 2011.

52.     Plaintiffs believe, and therefore allege, that at least one representative from Clorox viewed images of the packaging for Cloralex Color in 2011.

53.     Plaintiffs believe, and therefore allege, that at least one representative from Clorox viewed AlEn's website in 2012.

54.     Plaintiffs believe, and therefore allege, that at least one representative from Clorox viewed images of the packaging for Cloralex Color in 2012.

55.     Plaintiffs believe, and therefore allege, that, at least one representative from Clorox's distributor viewed images of the packaging for Cloralex Color in 2006.

56.     Plaintiffs believe, and therefore allege, that at least one representative from Clorox's distributor viewed images of the packaging for Cloralex Color in 2007.

57.     Plaintiffs believe, and therefore allege, that at least one representative from Clorox's distributor viewed images of the packaging for Cloralex Color in 2008.

58.     Plaintiffs believe, and therefore allege, that, at least one representative from Clorox's distributor viewed images of the packaging for Cloralex Color in 2009.

59.     Plaintiffs believe, and therefore allege, that at least one representative from Clorox's distributor viewed images of the packaging for Cloralex Color in 2010.

60.     Plaintiffs believe, and therefore allege, that at least one representative from Clorox's distributor viewed images of the packaging for Cloralex Color in 2011.

1     61.    Plaintiffs believe, and therefore allege, that, at least one representative from

2 Clorox's distributor viewed images of the packaging for Cloralex Color in 2012.

3 **CLOROX'S DISTRICT COURT ACTION,**
**PTO ACTIONS, AND ITC ACTION**

4

5     62.    Clorox did not communicate any concern that the Cloralex Color product

6 packaging violated the parties' Agreement until April 2013, when it filed the District Court

7 Action. Clorox sent no notice of default or breach prior to that Action. It sent no letter

8 demanding compliance. It did not call anyone at AlEn to discuss the matter. Although it had

9 been in litigation with AlEn over the PINOL and PINE-SOL marks for over a year, it never

10 mentioned any concern regarding the Cloralex Color product at any point in those proceedings.

11 Clorox simply filed the lawsuit without any notice to AlEn at all.

12     63.    Later in April, Clorox commenced an opposition proceeding challenging AlEn's

13 application to register the mark CLORALEX in connection with laundry bleach, washing

14 preparations and laundry detergents at United States Trademark Trial and Appeal Board.

15     64.    After receiving the Complaint in the District Court Action, AlEn's counsel advised

16 counsel for Clorox that AlEn was already in the process of revamping the packaging for its

17 CLORALEX line of products. Counsel for AlEn proposed that the parties discuss the mooting of

18 any motion for interim relief—and indeed, the entire action—with the discontinuation of AlEn's

19 then-current packaging for its CLORALEX COLOR product. *See* **Exhibit D**.

20     65.    Clorox did not proceed with its threatened preliminary injunction. After AlEn

21 provided Clorox with photos of its new product packaging for the CLORALEX COLOR product,

22 Clorox dismissed the District Court Action on May 30, 2013.

23     66.    Approximately three months after dismissing the District Court Action, and again

24 without any explanation, demand, or notice to AlEn, Clorox initiated the ITC Action in late July

25 2013, again asserting that AlEn breached the Agreement by introducing its CLORALEX COLOR

26 product with offending colors (which had occurred back in 2005, although Clorox did not reveal

27 the staleness of the allegation in the ITC Complaint) and claiming infringement and dilution by

28 use of the CLORALEX mark.

FENWICK & WEST LLP
ATTORNEYS AT LAW
SAN FRANCISCO

67.     Clorox's allegations in the ITC Action fail to acknowledge that AlEn had already changed that packaging for its Cloralex Color product.

68.     On or about July 31, 2013, and again without any explanation, demand or notice to AlEn, Clorox commenced an opposition proceeding at United States Trademark Trial and Appeal Board, challenging AlEn's application to register the mark CLORALEX HOME PROFESSIONAL in connection with cleaning preparations, bleaching preparations for laundry use, and detergents for household use.

69.     Clorox has not asserted that any of AlEn's current packaging violates any terms of the Agreement.

70.     Clorox has not asserted that AlEn's applications at issue in the PTO Actions violate any terms of the Agreement.

### FIRST CAUSE OF ACTION
### BREACH OF CONTRACT

71.     Plaintiffs repeat and reallege the allegations of each of the paragraphs above.

72.     The Agreement between Industrias AlEn and Clorox is valid and binding.

73.     Under the Agreement, Clorox agreed not to attack AlEn's use of the CLORALEX mark as long as AlEn was in compliance with numbered paragraphs 1 and 2 of the Agreement.

74.     Plaintiffs have abided by all of the terms of the Agreement, including Paragraph 2.

75.     In the alternative, even if the introduction of the CLORALEX COLOR product with its dark blue packaging were a breach of the Agreement, as Clorox contends, it was de minimis and Plaintiffs cured any violation by introducing new packaging shortly after Clorox objected.

76.     Plaintiffs have performed all, or substantially all, of the obligations the contract imposed them to do, or they were excused from such performance.

77.     All conditions required by the contract for Clorox's performance have occurred or were excused.

78.     Clorox has breached Paragraph 3 of the Agreement by attacking AlEn's use of the CLORALEX mark at the ITC and PTO while AlEn was in compliance with Paragraphs 1 and 2 of

Fenwick & West LLP
Attorneys at Law
San Francisco

1    the Agreement.

2        79.    Moreover, even if AlEn had breached Paragraph 2 of the Agreement, AlEn has

3    cured any such breach given its abandonment of the 2006-2013 CLORALEX COLOR packaging.

4        80.    Furthermore, even if AlEn had breached Paragraph 2 of the Agreement, Clorox

5    waived any such violation during its 7-year long failure to object to the packaging for the

6    Cloralex Color product, or is otherwise unable to terminate the agreement by virtue of the

7    equitable doctrines of laches or acquiescence.

8        81.    Clorox's breach of Paragraph 3 of the Agreement has caused, and continues to

9    cause, AlEn substantial monetary and other harm, including forcing AlEn to incur attorneys' fees

10   and other litigation costs in defending against the PTO and ITC Actions.

11       82.    Clorox's pursuit of the ITC and PTO Actions deprives AlEn of the basic benefit of

12   its bargain, to be free of such a challenge to its use of the CLORALEX mark.

13       83.    Unless Clorox is enjoined from pursuing the ITC and PTO Actions, AlEn will

14   continue to suffer these substantial and irreparable harms.

15                          **SECOND CAUSE OF ACTION**
                 **DECLARATORY JUDGMENT UNDER 28 U.S.C. § 2201**
16                       **(INFRINGEMENT CLAIMS BARRED)**

17       84.    Plaintiffs incorporate and restate by reference the allegations of each of the

18   paragraphs above.

19       85.    As a result of Clorox's alleging infringement and challenging AlEn's right to use

20   the CLORALEX mark in the PTO and ITC Actions, an actual, substantial, and continuing

21   justicable controversy exists between AlEn and Clorox regarding alleged infringement of the

22   CLOROX mark by CLORALEX-branded products.

23       86.    Clorox's claims that AlEn's use of the CLORALEX mark infringes Clorox's

24   marks are barred by contract and by the doctrines of laches, acquiescence, estoppel, waiver and

25   applicable statutes of limitations.  Clorox expressly consented to AlEn's use and registration of

26   the CLORALEX mark.  Plaintiffs believe, and therefore allege, that Clorox knew (or should have

27   known) of AlEn's CLORALEX COLOR product for nearly seven years before filing suit, and

28   knew (or should have known) of the use of the CLORALEX mark in the United States for

FENWICK & WEST LLP
ATTORNEYS AT LAW
SAN FRANCISCO

decades.  Plaintiffs believe, and therefore allege, that while knowing about AlEn's packaging of CLORALEX COLOR, Clorox failed for well over four years to inform AlEn that it disputed AlEn's use of the CLORALEX brand or packaging in the United States.  Clorox's long delay in asserting its infringement claims as to the CLORALEX mark has caused prejudice to Plaintiffs.

87.     A judicial declaration is necessary at this time holding that Clorox's claims for infringement as to the CLORALEX mark are barred, particularly given that the ITC Action is a breach of the Agreement and Clorox should be enjoined from pursuing it.  Accordingly, AlEn seeks, and is entitled to, a determination and declaration from this Court that Clorox's infringement claims as to the CLORALEX mark are barred.

### THIRD CAUSE OF ACTION
### DECLARATORY JUDGMENT UNDER 28 U.S.C. § 2201
### (DILUTION CLAIMS BARRED)

1.     Plaintiffs incorporate and restate by reference the allegations of each of the paragraphs above.

2.     As a result of Clorox's asserting claims of dilution and challenging AlEn's right to use the CLORALEX mark in the PTO and ITC Actions, an actual, substantial, and continuing justiciable controversy exists between AlEn and Clorox regarding alleged dilution of the CLOROX mark by CLORALEX-branded products.

3.     Clorox's claims that AlEn's use of the CLORALEX mark dilutes Clorox's marks are barred by contract and by the doctrines of laches, acquiescence, estoppel, waiver and applicable statutes of limitations.  Clorox expressly consented to AlEn's use and registration of the CLORALEX mark.  Plaintiffs believe, and therefore allege, that Clorox knew (or should have known) of AlEn's CLORALEX COLOR product for nearly seven years before filing suit, and knew (or should have known) of the use of the CLORALEX mark in the United States for decades. Plaintiffs believe, and therefore allege, that while knowing about AlEn's packaging of CLORALEX COLOR, Clorox failed for well over four years to inform AlEn that it disputed AlEn's use of the CLORALEX brand or packaging in the United States.  Clorox's long delay in asserting its dilution claims as to the CLORALEX mark has caused prejudice to Plaintiffs.

4.     A judicial declaration is necessary at this time holding that Clorox's claims for

FENWICK & WEST LLP
ATTORNEYS AT LAW
SAN FRANCISCO

infringement as to the CLORALEX mark are barred, particularly given that the ITC Action is a breach of the Agreement and Clorox should be enjoined from pursuing it. Accordingly, AlEn seeks, and is entitled to, a determination and declaration from this Court that Clorox's infringement claims as to the CLORALEX mark are barred.

**PRAYER FOR RELIEF**

THEREFORE, Industrias AlEn and AlEn USA pray for judgment against Clorox as follows:

A.     a declaration from this Court that any claims by Clorox for alleged infringement or dilution arising out of the use of the CLORALEX mark are barred by contract, laches, acquiescence, estoppel, waiver, and/or applicable statutes of limitations.

B.     an order that Clorox breached the Agreement with Industrias AlEn;

C.     an award of AlEn's damages from that breach, including its attorneys' fees and costs in defending the ITC and PTO Actions;

D.     an order enjoining Clorox and each of its agents, servants, employees, and attorneys, and those persons in active concert or participation with any of them who receive actual notice of the injunction, from pursuing the ITC Action;

E.     an award of costs of the action; and

F.     such further relief as the Court deems just and reasonable.

FENWICK & WEST LLP
ATTORNEYS AT LAW
SAN FRANCISCO

1  Dated:   November 4, 2013

2                                               FENWICK & WEST LLP

3

4                                               By: _____
                                                     Andrew P. Bridges
5                                                    Jedediah Wakefield
                                                     Sebastian E. Kaplan
6

7                                               DEBEVOISE & PLIMPTON LLP

8                                                    David H. Bernstein
                                                     Shannon Rose Selden
9                                                    Megan Bannigan

10                                              AROCHI, MARROQUIN & LINDER SC

11                                                   John Murphy

12

13                                              Attorneys for Plaintiffs
                                                ALEN USA, LLC and
14                                              INDUSTRIAS ALEN S.A. DE C.V.

15

16

17

18

19

20

21

22

23

24

25

26

27

28

FENWICK & WEST LLP
ATTORNEYS AT LAW
SAN FRANCISCO

**<u>DEMAND FOR JURY TRIAL</u>**

Industrias AlEn and AlEn USA hereby demand trial by jury on all issues and claims.

Dated:    November 4, 2013

FENWICK & WEST LLP

By: /s/Jedediah Wakefield
        Andrew P. Bridges
        Jedediah Wakefield
        Sebastian E. Kaplan

DEBEVOISE & PLIMPTON LLP

        David H. Bernstein
        Shannon Rose Selden
        Megan Bannigan

AROCHI, MARROQUIN & LINDER SC

        John Murphy

Attorneys for Plaintiffs
ALEN USA, LLC and INDUSTRIAS ALEN S.A.
DE C.V.

COMPLAINT FOR BREACH OF CONTRACT
AND DECLARATORY RELIEF                              22                              Case No.: _____